UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHANYEL CROW, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-0047 HEA |
| | ) | |
| CLARK COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Chanyel Crow, III, a detainee at Boonville Treatment Center in Boonville, Missouri, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $24.65. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $123.25. The Court will therefore assess an initial partial filing fee of $24.65, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Although currently confined in Boonville Treatment Center in Boonville, Missouri, plaintiff asserts that while confined in the Clark County Detention Center he was placed in a cell that was "condemned" and not fit for "human housing."

Plaintiff alleges generally that Clark County officials, such as the Commissioner and the Clark County Sheriff,[1] were policy makers who implemented policies for Jail officials and prisoners in Clark County Jail. He claims that unnamed Clark County Jail officials acted in bad faith by placing him in an "unsafe cell" that was "documented for repair" at some point in December of 2017.

Plaintiff asserts that he had been removed from a different cell at the Jail after an altercation with another inmate and placed into the "unsafe cell" which was on a lockdown unit. Plaintiff claims that there was water leaking from the ceiling into the cell, and he was "electrocuted" in the cell due to the water leakage. He claims that he was then transported to Scott County Memorial Hospital, where he was examined and released back to the Jail.

Upon his release to the Jail, plaintiff claims that he was placed in a different cell on the lockdown until which also had water leaking onto the floor. Plaintiff asserts that he told an unnamed guard that there was leakage occurring and contractors were summoned to the Jail to fix

---

[1] Plaintiff has not named the Clark County Sheriff or the Clark County Commissioner in this action. Rather he refers to these individuals by their titles only.

3

the leak in the ceiling. Plaintiff claims that although the inmates were taken off lockdown and allowed back into the dayroom, water was leaking into the common areas, where he slipped and fell again, and again he had to be taken to Scott County Hospital for evaluation of a back injury. Plaintiff states that after his evaluation at the hospital he was taken to Adair County Detention Center and he was not allowed to retrieve his personal property. Plaintiff states that the Jail officials acted with negligence. He seeks monetary damages in this action.

## Discussion

Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has brought this action against Clark County, Missouri, the Clark County Sheriff, the Clark County Commissioner and an Unidentified Construction Company. He sues defendants pursuant to 42 U.S.C. § 1983.

Plaintiff has failed to allege a claim against the Unidentified Construction Company, first and foremost because he does not know the name of this defendant. Moreover, he cannot bring a § 1983 action against a private actor. Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* There is no allegation in plaintiff's complaint that the construction company acted in concert with any of the state actor defendants to violate plaintiff's rights. Accordingly, he cannot state a claim against this defendant.

Similarly, plaintiff has not identified specific defendants to bring this action against, instead stating that he is bringing claims generally against "the Clark County Sheriff and the Clark County Commissioner." Plaintiff states that he is bringing allegations against these individuals in their official capacities under 42 U.S.C. § 1983.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – in this case, Clark County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Although plaintiff's complaint states in a conclusory fashion that he believes the officials were responsible for making policies for keeping inmates safe, the instant complaint does not contain any allegations that a policy or custom of Clark County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

A local governing body such as Clark County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Clark County.

5

First, plaintiff can show that Clark County had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Clark County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of

similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He also fails to present any facts indicating that Clark County failed to train its employees. As such, plaintiff's official capacity claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Finally, the complaint fails to adequately allege facts showing how each defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. He has not alleged that the guards or the Jailers knew that there was a safety hazard in the cells or the common area when plaintiff was allegedly hurt, either when he was "electrocuted" or when he slipped and fell.[2]

---

[2]A "slip and fall," without more, does not amount to cruel and unusual punishment. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles. *E.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases). Moreover, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). [3]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $24.65 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

---

[3]Plaintiff notes in his complaint that he was transferred to Adair County Detention Center without his property. The Court notes that there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate post-deprivation remedy. *E.g., Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01 - 99.15. As a result, to the extent plaintiff is attempting to assert a claim for property deprivation, his claim fails.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of November, 2019.

                                              HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE